



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 6 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NORMA TORRES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **4:15-CV-00464-A** |
| **WHITE SETTLEMENT NURSING** | § | |
| **CENTER, LLC, A/K/A** | § | |
| **ADVANCED HEALTHCARE** | § | |
| **SOLUTIONS, A/K/A** | § | |
| **HORIZON ASO FBO WHITE** | § | |
| **SETTLEMENT NURSING,** | § | |
| **A/K/A WHITE SETTLEMENT** | § | |
| **NURSING CENTER, LLP, A/K/A** | § | |
| **WHITE SETTLEMENT NURSING** | § | |
| **CENTER, LP,** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **WHITE SETTLEMENT NURSING** | § | |
| **CENTER, LLC,** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **WHITE SETTLEMENT SNF, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**I.**

<u>**INTRODUCTION**</u>

Plaintiff Norma Torres files this Original Complaint against Defendants White Settlement

Nursing Center, LLC, a/k/a Horizon ASO FBO White Settlement Nursing, a/k/a White

Settlement Nursing Center, LLP, a/k/a White Settlement Nursing Center, LP, and White

Settlement Nursing Center, LLC, and White Settlement SNF, LLC and respectfully alleges the

following.

---

**Plaintiff's Original Complaint**                                                                 **Page 1**

## II.

## PARTIES

1.      Plaintiff Norma Torres is an individual and a citizen of Tarrant County, Texas.

2.      Defendant White Settlement Nursing Center, LLC, a/k/a Advanced Healthcare Solutions, a/k/a Horizon ASO FBO White Settlement Nursing, a/k/a White Settlement Nursing Center, LLP, a/k/a White Settlement Nursing Center, LP (WSN) is a business operating in Texas without a registered agent for service of process and under multiple fictitious names.  WSN's principal place of business is located at 7820 Skyline Park Drive, White Settlement, Texas 76108.  WSN was served by the Texas Secretary of State on May 1, 2015, and the return receipt was received by the Texas Secretary of State on May 4, 2015.

3.      Defendant White Settlement Nursing Center, LLC (WSNLLC) is a Texas limited liability corporation in inactive status and thus has no registered agent for service of process.  WSNLLC was served by agreement of the parties by serving its attorney, Bruce Griggs, bruce.griggs@ogletreedeakins.com, Ogletree Deakins, 301 Congress Avenue, Suite 1150, Austin, TX  78701.

4.      Defendant White Settlement SNF LLC (SNFLLC) is a Texas limited liability company with its principal place of business located at 7820 Skyline Park Drive, White Settlement, Texas 76108.  SNFLLC was served by agreement of the parties by serving its attorney, Bruce Griggs, bruce.griggs@ogletreedeakins.com, Ogletree Deakins, 301 Congress Avenue, Suite 1150, Austin, TX  78701.

5.      WSN, WSNLLC, and SNFLLC are collectively referred to as "Defendants."

---

**Plaintiff's Original Complaint**                                                                                          **Page 2**

### III.

### JURISDICTION

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

### IV.

### VENUE

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Tarrant County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County.

8.     Tarrant County lies within the Fort Worth Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(2).

### V.

### BACKGROUND FACTS

9.     Plaintiff worked for Defendants from July 17, 2000, until she was wrongfully terminated on February 8, 2013.

10.     Plaintiff worked as a Certified Nursing Assistant (CNA) at Defendants' nursing home on Skyline Park Drive in White Settlement, Texas.

11.     In late November or early December 2012, Plaintiff received word that her elderly mother's health was in rapid decline.

12.     In early December 2012, Plaintiff asked her supervisor, Assistant Director of Nursing, Donna (last name unknown), if in two weeks, she could take five days off to care for her sick mother.

13.     Defendants' policies only required two hours notice for leave for emergencies.

14.     Despite this, Donna denied Plaintiff's request.

---

15.    In January 2013, Plaintiff received word that her mother was dying and asked Donna for time off so that she could tend to her mother.

16.    Donna only permitted Plaintiff to go if she (Plaintiff) could find employees to cover her shifts during that period of time.

17.    Neither Donna, nor any of Defendants' employees, mentioned anything to Plaintiff about leave under the Family and Medical Leave Act (FMLA).

18.    Nevertheless, Plaintiff followed Defendants' instructions and obtained commitments from her coworkers to cover the shifts she would miss.

19.    Plaintiff took two days off from work to care for her mother, both of which were covered by Plaintiff's coworkers.

20.    On January 18, 2013, while Plaintiff was with her, Plaintiff's mother died and her father suffered a heart attack the same day.

21.    Despite this compounded emergency, Plaintiff returned to work on January 21, 2013.

22.    That day, Plaintiff told Defendants that her father was sick and had a heart attack the same day that her mother died.

23.    Plaintiff requested some time off so that she could tend to her father in his diminished condition.

24.    Again, Defendants told Plaintiff that she could not take time off to care for her sick relative unless she found coworkers to cover her shifts.

25.    And again, Defendants did not mention anything to Plaintiff about FMLA leave.

26.     Pursuant to Defendants' instructions, Plaintiff found coworkers to cover her shifts, including Devin Cowdell, Walter (last name unknown), and Debbie Allen, before she (Plaintiff) left for Mexico on January 27, 2013.

27.     These three coworkers covered Plaintiff's shifts until she returned on February 8, 2013.

28.     Walter and Cowdell covered Plaintiff's shifts from January 27 – 30, 2013.

29.     Plaintiff had two days off on January 31 and February 1, 2013.

30.     Allen worked Plaintiff's February 2nd shift.

31.     Plaintiff took February 3 – 5, 2013, as bereavement leave for her mother's death, which Defendant approved pursuant to its internal policies.

32.     Plaintiff had another two days off on February 6 and 7, 2013.

33.     On February 7, 2013, Donna called Plaintiff and told her that she (Donna) needed to speak with her the following day.

34.     During the call, Plaintiff informed Donna that she was on her way back from Mexico where she was caring for her ill father.

35.     The next day, Plaintiff returned to work and spoke with Donna and the Director of Nursing (name unknown).

36.     During this meeting, Defendants terminated Plaintiff supposedly because Defendants did not want to pay overtime to the employees that covered Plaintiff's shifts while she was gone.

## VI.

## CAUSES OF ACTION

**A.    First Cause of Action—FMLA Interference**

37.    Plaintiff incorporates each of the foregoing paragraphs.

38.    Defendants denied Plaintiff leave that should have been covered by the Family and Medical Leave Act.

39.    Defendants' actions violated 29 U.S.C. § 2615.

**B.    Second Cause of Action—FMLA Discrimination**

40.    Plaintiff incorporates each of the foregoing paragraphs.

41.    Defendants terminated Plaintiff's employment in response to her leave that should have been covered by the Family and Medical Leave Act.

42.    Defendants' actions violated 29 U.S.C. § 2615.

## VII.

## DAMAGES

43.    Plaintiff incorporates each of the foregoing paragraphs.

44.    Defendants' actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendants any wages, salary, employment benefits, or other compensation denied or lost.

45.    Because Defendants' actions were willful, Plaintiff is entitled to recover liquidated damages from Defendants equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost, pursuant to 29 U.S.C. § 2617(a)(1)(iii).

## VIII.

### ATTORNEYS' FEES AND COSTS

46.    Plaintiff incorporates each of the foregoing paragraphs.

47.    Plaintiff retained the services of undersigned counsel to prosecute her claims.

48.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees.

## IX.

### JURY DEMAND

49.    Plaintiff demands a trial by jury.

## X.

### CONCLUSION AND PRAYER

50.    Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.    Wages, salary, employment benefits, or other compensation denied or lost as determined by the jury;

B.    Liquidated damages as determined by the jury;

C.    Reasonable attorneys' fees and expert fees;

D.    Court costs;

E.    Pre-judgment and post-judgment interest at the rate set by law; and

F.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

MATTHEW R. SCOTT
Texas Bar No. 00794613
mscott@kendalllawgroup.com
JAVIER PEREZ
Texas Bar No. 24083650
jperez@kendalllawgroup.com
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was mailed to the following counsel of record on July 2, 2015:

Bruce Griggs
Ogletree
301 Congress Avenue, Suite 1150
Austin, TX 78701
Attorneys for Defendant

MATTHEW R. SCOTT